**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE LEE JOHNSON, | No. 20-35855 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01872-MK |
| v. | |
| COLETTE S. PETERS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted September 14, 2021[**]

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Oregon state prisoner Willie Lee Johnson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Fourth and

Eighth Amendment violations stemming from two strip searches.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Thompson v. Pau*l, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Summary judgment on Johnson's Fourth Amendment claim was proper because the searches were justified by penological interests and were reasonable as to scope, manner, and place. *See Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (factors for evaluating reasonableness of a search under the Fourth Amendment); *see also Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988) (inmates must show that prison officials "intentionally used exaggerated or excessive means to enforce security" to support a Fourth Amendment claim); *Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right.").

The district court properly granted summary judgment on Johnson's Eighth Amendment because Johnson failed to raise a genuine dispute of material fact as to whether defendants had "a sufficiently culpable state of mind." *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

We reject as meritless Johnson's contention that the district court erred by denying with leave to renew Johnson's motion to compel.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**